IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| H.B., a minor by STACY BARTOLINI<br>individually and as parent of H.B.,<br><br>and<br><br>JOHN BONNER<br><br>                Plaintiffs,<br><br>vs.<br><br>ABBOTT LABORATORIES, INC.,<br><br>                Defendant. | Case No. 15-CV-702-NJR-SCW<br>Case No. 13-CV-326-NJS-SCW |

## ORDER

**ROSENSTENGEL, District Judge:**

On April 5, 2017, the Court appointed the Honorable Judge Daniel Stack (Ret.) as special master for the *Raquel*, *Sifuentes*, *Pyszkowski* (E.P.), and *Pyszkowski* (C.P.) cases. The *Raquel* case proceeded to trial utilizing the Special Master for deposition designations with great success. At the June 30, 2017 status conference the Court advised the parties of the intent to appoint Judge Stack as Special Master in the *Bartolini* (15-CV-702) and *Bonner* (13-CV-326) cases. The parties expressed no objection with this proposal at the status conference. (Case No. 12-CV-52, Doc. 1011, pp. 5-6).

I. **Appointment of the Special Master**

With no objection to the Court's proposal to appoint The Honorable Daniel J. Stack (Ret.) as Special Master, the Court enters this Order of Appointment in the cases of *Bartolini* (15-CV-702) and *Bonner* (13-CV-326). Judge Stack's contact information is as

follows:

The Honorable Daniel J. Stack
711 N. 11th St.
St. Louis, Missouri 63101
djstack@me.com
618-792-8604
http://aequitasadr.com/team/daniel-j-stack/

This appointment is made pursuant to Federal Rule of Civil Procedure 53 and the inherent authority of the Court.[1] As Rule 53 requires, the Court sets out below the duties and terms of the Special Master and reasons for appointment and directs the Master to "proceed with all reasonable diligence." FED. R. CIV. P. 53(b)(2).

## II. Rule 53(b)(2)

The following discussion sets forth the details of the appointment as required by Rule 53:

### A. Special Master's Duties

Rule 53(a)(1)(A) states the Court may appoint a Special Master to "perform duties consented to by the parties." In addition, Rule 53(a)(1)(C) states the Court may appoint a Special Master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." The Court has reviewed legal authority addressing the duties of a Special Master that are

---

[1] "Beyond the provisions of [Fed. R. Civ. P. 53] for appointing and making references to Masters, a federal district court has 'the inherent power to supply itself with this instrument for the administration of justice when deemed by it essential.'" *Schwimmer v. United States*, 232 F.2d 855, 865 (8th Cir. 1956) (quoting *In re: Peterson*, 253 U.S. 300, 311 (1920)); *see Ruiz v. Estelle*, 679 F.2d 1115, 1161 n. 240 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983) (same); *Reed v. Cleveland Bd. of Educ.*, 607 F.2d 737, 746 (6th Cir. 1979) (the authority to appoint "expert advisors or consultants" derives from either Rule 53 or the Court's inherent power).

permitted under the Federal Rules of Civil Procedure and Article III of the Constitution.[2] Consistent with this legal authority and the currently-anticipated needs of the Court, and considering that the parties do not object, the Court holds that the Special Master shall have the authority to perform the following duties.[3]

1. **Initial Duties**

    The Special Master's initial duties shall be as follows:

    - Evaluate the parties' objections to deposition designations and make recommendations and reports to the Court on these objections.

Given the fast approaching trial and often unexpected last minute filings, the Court reserves the right to expand the Special Master's duties as follows:

- Evaluate any motions *in limine* and provide the Court with formal and informal recommended rulings on those motions.

- Evaluate any other motions the parties may file, and provide the Court with formal and informal recommended rulings on those motions.

- Provide periodic status reports to the Court.

- Make formal or informal recommendations and reports to the parties, and make recommendations and reports to the Court, regarding any matter pertinent to the above- listed duties.

- Communicate and meet with the parties and attorneys as needs may arise in order to permit the full and efficient performance of these duties.

- Employ staff as may be necessary to assist the Special Master in performing his duties. The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties.

---

[2] *See generally* FED. R. CIV. P. 53, advisory committee's notes, 2003 amendment (discussing the range of duties and authority of a Special Master*); Appointing Special Masters and Other Judicial Adjuncts: A Handbook for Judges* (5th ed. 2013).

[3] This list is meant to be illustrative, not comprehensive. The Court may amend this Order to add additional duties. With regard to the "Initial Duties" listed here, the Court will meet with the Special Master to determine: (1) which motions the Court will rule upon itself without first receiving a formal, written recommended ruling, and (2) which motions it will ask the Special Master to provide a formal, written recommended ruling should the need arise.

## 2. Other Duties

The Court also may call upon the Special Master to undertake any of the following additional duties:

- Assist with preparation for attorney conferences (including formulating agendas), court scheduling, and case management.

- Assist with legal analysis of the parties' motions or other submissions, whether made before, during, or after trials, and make recommended findings of fact and conclusions of law.

- Assist with responses to media inquiries.

- Direct, supervise, monitor, and report upon implementation and compliance with the Court's Orders, and make findings and recommendations on remedial action if required.

- Interpret any agreements reached by the parties.

- Propose structures and strategies for attorneys fee issues and fee settlement negotiations, review fee applications, and evaluate parties' individual claims for fees, as may become necessary.

- Administer, allocate, and distribute funds and other relief, as may become necessary.

- Adjudicate eligibility and entitlement to funds and other relief, as may become necessary.

- Monitor compliance with structural injunctions, as may become necessary.

## B. Communications with the Parties and the Court

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the [Special Master] may communicate ex parte with the court or a party." The Special Master may communicate *ex parte* with the Court at the Special Master's discretion, without providing notice to the parties, regarding logistics, the nature of his activities,

management of the litigation, and other appropriate procedural matters, as well as to assist the Court with legal analysis of the parties' submissions. The Special Master may communicate *ex parte* with any party or his attorney, as the Special Master deems appropriate, for the purpose of ensuring the efficient administration and management and oversight of this case, and for the purpose of mediating or negotiating a resolution of any dispute related to this case. The Special Master shall not communicate to the Court any substantive matter the Special Master learned during an *ex parte* communication between the Special Master and any party.[4]

## C. Special Master's Record

Rule 53(b)(2)(C) states that the Court must define "the nature of the materials to be preserved and filed as a record of the [Special Master's] activities." The Special Master shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and matters worked upon. If the Court asks the Special Master to submit a formal report or recommendation regarding any matter, the Special Master shall submit such report or recommendation in writing, for filing on the case docket. The Special Master need not preserve for the record any documents created by the Special Master that are docketed in this or any other court, nor any documents received by the Special Master from counsel or parties in this case.

---

[4] The Court may later limit the Special Master's *ex parte* communications with the Court with respect to certain functions, if the role of the Special Master changes. *See, e.g., In re: Propulsid Products Liab. Litig.*, 2002 WL 32156066 (E.D. La. Aug. 28, 2002) (after the Special Master was given additional mediation duties, the scope of his *ex parte* communications with the parties and the Court, as well as his record-keeping obligations, changed); Rule 53(b)(4) (noting that an order of appointment may be amended). On the other hand, such imposition of different limits on *ex parte* communications does not necessarily require amendment of this Order.

### D. Review of the Special Master's Rulings

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the [Special Master's] orders, findings, and recommendations." The Special Master shall either: (1) reduce any formal order, finding, report, ruling, or recommendation to writing and file it electronically on the case docket via Electronic Case Filing ("ECF"), or (2) issue any formal order, finding, report, ruling, or recommendation on the record before a court reporter. Given the expedited schedule in this case and pursuant to the Court's authority under Rule 53(f)(2), any party may file an objection to an order, finding, report, ruling, or recommendation by the Special Master within **7 calendar days** of the date it was filed; failure to meet this deadline results in permanent waiver of any objection to the Special Master's orders, findings, reports, rulings, or recommendations.[5] Absent timely objection, the orders, findings, reports, rulings, and recommendations of the Special Master shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly provides otherwise.

If the Special Master issues an informal ruling or order that is not on the record either orally, via email, or through other writing, and a party wishes to object to that ruling or order, the party shall ask the Special Master to formalize the ruling or order by filing it on the docket or appearing before a court reporter. Such request shall be made within three days of issuance of the informal order or ruling, else the opportunity to

---

[5] Rule 53(f)(2) provides that parties may file objections "no later than 21 days after a copy of the [Special Master's order, report, or recommendations] is served, *unless the court sets a different time.*"(Emphasis added). Motions for extensions of time to file objections will not normally be granted unless good cause is shown. The Special Master may, however, provide in his order, finding, report, or recommendation that the period for filing objections to that particular document is some period longer than 7 calendar days, if a longer period appears warranted

object shall be waived. The procedures and deadlines outlined in this section shall then apply.

As provided in Rule 53(f)(4,5), the Court shall decide *de novo* all objections to conclusions of law made or recommended by the Special Master; the Court shall set aside a ruling by the Special Master on a procedural matter only for an abuse of discretion. The Court shall retain sole authority to issue final rulings on matters formally submitted for adjudication, unless otherwise agreed by the parties, and subject to waiver of objection to written orders or recommendations as noted above.

### E. Compensation

Rule 53(b)(2)(E) states that the Court must set forth "the basis, terms, and procedure for fixing the [Special Master's] compensation;" *see also* Rule 53(g) (addressing compensation).

The Special Master will be paid $400 per hour for working time, plus reimbursement for reasonable travel and other expenses incurred by the Special Master. The fees and expenses of the Special Master are to be divided evenly between the parties. The Special Master may employ other persons to provide clerical and secretarial assistance; such persons shall be under the supervision and control of the Special Master, who shall take appropriate action to ensure that such persons preserve the confidentiality of matters submitted to the Special Masters for review."

### F. Other Matters

### 1. Affidavit

Rule 53(b)(3)(A) notes that the Court may enter an Order of appointment "only

after the [Special Master] files an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." *See also* Fed. R. Civ. P 53(a)(2) (discussing grounds for disqualification). The required affidavit has been submitted, disclosing no grounds for disqualification for any case within the Depakote mass action. (Case No. 14-CV-847, Doc. 586).

2. **Cooperation**

The parties and their counsel, including their successors in office, agents, and employees, shall fully cooperate with the Special Master, and any staff or consultant employed by the Special Master, and observe faithfully the requirements of any orders of the Court and rulings by the Special Master. The Parties shall timely comply with rulings of the Special Master issued pursuant to this Order. Pursuant to Rule 53(c)(2), the Special Master may, if appropriate, "impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty." As an agent and officer of the Court, the Special Master (and those working at his direction) shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.[6]

3. **Access to Information**

The parties will make readily available to the Special Master any and all individuals, information, documents, materials, programs, files, databases, services, facilities and premises under their control, which the Special Master requires to

---

[6] *See, e.g., Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454-55 (9th Cir. 1993) (applying the doctrine of absolute quasi-judicial immunity to a Special Master).

perform his duties. The parties will make readily available to the Special Master any and all facilities, files, databases, computer programs and documents necessary to fulfill the Special Master's functions under this Order.

The Special Master may require reports from any party in a format specified by the Special Master as reasonably required to enable the Special Master to perform all assigned duties.

**IT IS SO ORDERED.**

**DATED:   July 5, 2017**

  s/ Nancy J. Rosenstengel  
**NANCY J. ROSENSTENGEL**  
**United States District Judge**
